# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

v.

**DANIEL MATTHEW KITTSON,**

Defendant.

Case No. 3:21-cr-00075-IM

**FINAL JURY INSTRUCTIONS**

DATED this 24th day of August, 2023.

Karin J. Immergut
United States District Judge

*Read to jury*
*8/24/23*

# INSTRUCTION 1

## DUTIES OF JURY TO FIND FACTS AND
## FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed

without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION 2

### CHARGE AGAINST DEFENDANT NOT EVIDENCE-PRESUMPTION OF INNOCENCE-BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION 3

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## INSTRUCTION 4

## REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence,

you are convinced beyond a reasonable doubt that the defendant is

guilty, it is your duty to find the defendant guilty.

## INSTRUCTION 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the

facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any stipulated facts to which the parties have agreed.

## INSTRUCTION 6

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain

evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION 9

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# INSTRUCTION 10

## OTHER ACTS OF DEFENDANT

You have heard evidence that Mr. Kittson stated he owned a handgun in a recorded phone call with Undercover Agent Weber. You may consider this evidence only for its bearing, if any, on Mr. Kittson's state of mind, his familiarity with firearms, and his intent in this case and for no other purpose.

# INSTRUCTION 11

# AGENT WEBER'S STATEMENTS REGARDING OTHER ACTS

You have heard recordings of conversations between Mr. Kittson and Undercover Agent Weber before and during the sale of the firearm involved in this case. During these conversations, Undercover Agent Weber made statements regarding Undercover Agent Weber's plans for what he would do with firearms he purchased, including grinding off serial numbers and trading firearms for controlled substances.

You cannot consider the evidence of undercover Agent Weber's statements to find Mr. Kittson has a bad character and acted consistently with his bad character, but you may consider these statements in determining Mr. Kittson's knowledge of the firearm in this case, Mr. Kittson's state of mind during the sale, his intent, his plan, his awareness that Undercover Agent Weber was not a law enforcement agent, his motive, his familiarity with firearms, and his lack of mistake.

# INSTRUCTION 12

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS-SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

# INSTRUCTION 13

## ON OR ABOUT – DEFINED

The indictment alleges that certain crimes were committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each count of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# INSTRUCTION 14

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION 15

# DUAL ROLE TESTIMONY

You have heard testimony from ATF Special Agent Caleb Enk who testified to both facts and opinions and the reasons for his opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education.  When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

# INSTRUCTION 16

## FIREARMS – ILLEGAL POSSESSION OR TRANSFER OF A MACHINEGUN – ELEMENTS

In order to convict a defendant of Count 1, Illegal Possession or Transfer of a Machinegun, the government must prove beyond a reasonable doubt each of the following two elements:

First, the defendant knowingly possessed or transferred a Russian machinegun, model PPSh-41, 7.62x25mm Tokarev caliber, bearing serial number CA01716;

Second, the defendant knew that the firearm was a "machinegun."

As used in this instruction, the term "machinegun" includes any weapon which shoots, is designed to shoot or can be readily restored to shoot, automatically more than one shot without manual reloading, by a single function of the trigger.

A weapon need not be equipped with a functioning magazine to qualify as a machinegun, as long as the government proves that the weapon shoots, is designed to shoot, or can be readily restored to shoot automatically as defined by this instruction.

A weapon may be "designed to shoot" automatically even if a minor defect makes the weapon temporarily inoperable for that use. The weapon's design features must be such that it would ordinarily shoot automatically more than one shot without manual reloading by a single function of the trigger, but for a readily fixable defect. If the defect to automatic operation is significant and not readily repaired, then the weapon is not designed to shoot automatically.

## INSTRUCTION 17

## FIREARMS – FELON IN POSSESSION OF A FIREARM – ELEMENTS

In order to convict defendant of Count 2, Felon in Possession of a Firearm, the government must prove beyond a reasonable doubt each of the following four elements:

(1)    Defendant knowingly possessed the firearm, model PPSh-41, 7.62x25mm Tokarev caliber, bearing serial number CA01716;

(2)    The firearm had been transported between a foreign nation and the United States;

(3)    At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

and

(4)    At the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have agreed or stipulated to the below facts. Those facts are conclusively established:

1. The defendant stipulates that on January 10, 2020, he had previously been convicted of a crime punishable by a term imprisonment exceeding one year.

2. The defendant stipulates that on January 10, 2020, he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

# INSTRUCTION 18

## POSSESSION – DEFINED

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

# INSTRUCTION 19

## KNOWINGLY - DEFINED

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# INSTRUCTION 20

## AIDING AND ABETTING (18 U.S.C. § 2(A))

A defendant may be found guilty of illegal transfer of a machineguns as alleged in Count One, even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission.

To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of illegal transfer of a machinegun by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of illegal transfer of a machinegun;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime of illegal transfer of a machinegun;

Third, the defendant acted with the intent to facilitate illegal transfer of a machinegun; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of illegal transfer of a machinegun.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

# INSTRUCTION 21

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# INSTRUCTION 22

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

PAGE 23 – FINAL JURY INSTRUCTIONS

# INSTRUCTION 23

## CONSIDERATION OF EVIDENCE –
## CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this

case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION 24

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION 25

## VERDICT FORM

A verdict form has been prepared for you. [*Read verdict form*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# INSTRUCTION 26

# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.